COPY

1  JACKSON LEWIS LLP
   MITCHELL F. BOOMER (SBN 121441)
2  CARA CHING-SENAHA (SBN 209467)
   199 Fremont Street, 10th Floor
3  San Francisco, California 94105
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401

5  Attorneys for Defendant
   IKEA CALIFORNIA, LLC (incorrectly sued as
6  IKEA)

7

ORIGINAL FILED
JAN 1 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

10

11  DAVID W. WRIGHT,                    Case No.  CV 08 0181

12              Plaintiff,              NOTICE OF REMOVAL OF ACTION
                                        TO FEDERAL COURT [28 U.S.C. §§
13       v.                             1332 and 1441(b); Diversity
                                        Jurisdiction]; CERTIFICATE OF
14  IKEA and DOES 1 through 25, inclusive,    INTERESTED PARTIES

15              Defendants.             Complaint filed:  September 28, 2007

16                                      No Trial Date Set

17

18

19       TO THE CLERK OF THE ABOVE-REFERENCED COURT:

20

21       PLEASE TAKE NOTICE that defendant IKEA CALIFORNIA, LLC (incorrectly sued as

22  IKEA) ("Defendant") hereby removes to this Court the State court action described below.

23       1.      On September 28, 2007, an action was commenced in the Superior Court

24  of the State of California in and for the City and County of San Mateo, entitled *David Wright v.*

25  *IKEA and DOES 1 through 25, inclusive,* San Mateo Superior Court case number CIV 466476.

26  Plaintiff's action alleges a claim for relief for discrimination based on disability.

27       2.      Defendant first received a copy of the complaint when Defendant was

28  served with a copy of said complaint and a summons on November 9, 2007.  The summons and

1

1    complaint and other documents served on November 9, 2007 are attached hereto as Exhibit "A."

2    At that time, Defendant did not know, nor have any reason to know, whether the matter was

3    capable of removal to this Court because the complaint did not allege any amount in controversy.

4         3.    Defendant filed an answer to Plaintiff's complaint in state court on

5    December 6, 2007. Attached hereto as Exhibit "B" is a true and correct copy of the answer filed

6    and served by Defendant on December 6, 2007.

7         4.    On December 7, 2007, Defendant served on Plaintiff a Request for

8    Statement of Alleged Damages. Attached hereto as Exhibit "C" is a true and correct copy of the

9    Request for Statement of Alleged Damages served on Plaintiff on December 7, 2007. On

10    December 17, 2007, Plaintiff served by mail Plaintiff's Response to Request for Statement of

11    Damages. Attached hereto as Exhibit "D" is a true and correct copy of Plaintiff's Response to

12    Request for Statement of Damages, mail-served on Defendant on December 17, 2007. In

13    Plaintiff's Response to Request for Statement of Damages, Plaintiff alleges that the matter in

14    controversy exceeds the sum or value of $75,000, exclusive of fees and costs. *See* Exh. D.

15         5.    No other papers or pleadings have been served on Defendant as of this

16    date. Hence, Exhibits A through D comprise the sum of all pleadings and papers which have

17    been filed in San Mateo County Superior Court or exchanged between the parties in this action, to

18    Defendant's knowledge based on a review of the online state court docket.

19         6.    This action is a civil action of which this court has original jurisdiction

20    under 28 U.S.C. Section 1332(a) [diversity of citizenship], and is one which may be removed to

21    this Court by Defendant pursuant to the provisions of the 28 U.S.C. Section 1441(b) in that, as

22    shown below, it is a civil action between citizens of different states and the amount in controversy

23    exceeds $75,000.00, exclusive of fees and costs.

24         7.    Plaintiff alleges in paragraph 2 of the complaint (Exh. A hereto) that he

25    was a resident of Santa Clara County and a citizen of the State of California. Defendant IKEA

26    CALIFORNIA, LLC is informed and believes that plaintiff David Wright still is a citizen of the

27    State of California.

28         8.    Defendant is unable to ascertain what entity Plaintiff is suing – whether it

2

1    is IKEA CALIFORNIA, LLC or IKEA CORPORATION.  There is no entity known as "IKEA."

2    Regardless of which entity Plaintiff is suing, removal to federal court is proper because both

3    IKEA CALIFORNIA, LLC and IKEA CORPORATION were, at the time of filing of this action

4    and still are, limited liability companies incorporated under the laws of the State of Delaware.

5    Moreover, both IKEA CALIFORNIA, LLC and IKEA CORPORATION had, at the time of filing

6    of this action and still have, their principal place of business in the State of Pennsylvania.  Hence,

7    complete diversity of citizenship exists.

8            9.    The only defendants other than Defendant named in Plaintiff's complaint

9    are fictitious parties identified as "Does 1-10," whose citizenship shall be disregarded for the

10   purpose of removal.  28 U.S.C. Section 1441(a).

11          10.    This Notice of Removal is filed within thirty (30) days after Defendant was

12   served on December 17, 2007 with Plaintiff's Response to Request for Statement of Damages

13   (Exh. D hereto).  Therefore, this Notice is filed in accordance with the time period provided by 28

14   U.S.C. Section 1446(b).

15          11.    Venue lies in the United States District Court for the Northern District –

16   San Jose Division, pursuant to 28 USC 1441(a) and 1391(a), and Civil Local Rule 3-2 (c), (e) and

17   (f).    Northern District of California Civil Local Rule 3-2(c) and (e), "all civil actions and

18   proceedings" that arise in the county of Santa Clara "shall be assigned" to "the San Jose

19   Division."  L.R. 3-2(c), (e) (emphasis added).  "A civil action arises in the county in which a

20   substantial part of the events or omissions which give rise to the claim occurred…"  L.R. 3-2(c).

21   Plaintiff alleges that all of the alleged acts occurred within San Mateo County.  Complaint (Exh.

22   A) at ¶ 6.  IKEA's only store in San Mateo County (and the store at which Plaintiff worked as a

23   manager) is located in East Palo Alto, California.  East Palo Alto is located within Santa Clara

24   County.  Therefore, because the action arose in Santa Clara County, it shall be assigned to the San

25   Jose Division of this Court.  Civil L.R. 3-2(e).

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. §§ 1332 and 1441(b); Diversity Jurisdiction];
CERTIFICATE OF INTERESTED PARTIES                                               Case No.

1

2          WHEREFORE, Defendant prays that the above action now pending against it in the

3  Superior Court of the State of California for the County of San Mateo be removed to this Court's

4  San Jose Division.

5                              RESPECTFULLY SUBMITTED,

6  Dated:  January 9, 2008              JACKSON LEWIS LLP

7

8                    By: _Cara Ching-S_____

9                        MITCHELL F. BOOMER

10                    CARA CHING-SENAHA

                          Attorneys for Defendant

11                    IKEA CALIFORNIA, LLC (incorrectly sued as
                          "IKEA")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. §§ 1332 and 1441(b); Diversity Jurisdiction];
CERTIFICATE OF INTERESTED PARTIES              Case No.

1
2

## CERTIFICATE OF INTERESTED PARTIES

3          Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

4   persons, associations of persons, firms, partnerships, corporations (including parent corporations)

5   or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

6   proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be

7   substantially affected by the outcome of this proceeding:

8          IKEA CALIFORNIA, LLC states that it is a privately-held company.

9

10                                              Respectfully Submitted,

     Dated:  January 9, 2008
11                                              JACKSON LEWIS LLP

12

13                                       By  _Cara Ching-S_____
                                              MITCHELL F. BOOMER
14                                            CARA CHING-SENAHA
                                              Attorneys for Defendant
15                                            IKEA CALIFORNIA, LLC (incorrectly sued as
                                              "IKEA")
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. §§ 1332 and 1441(b); Diversity Jurisdiction];
CERTIFICATE OF INTERESTED PARTIES                                    Case No.

**CERTIFICATE OF SERVICE**

Re:    David Wright v. IKEA

Case No. _____

I hereby declare that I am employed with the law firm of Jackson Lewis LLP whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On the date stated below, I served the attached **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. §§ 1332 and 1441(b); Diversity Jurisdiction]; CERTIFICATE OF INTERESTED PARTIES** in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

**Attorneys for Plaintiff**
Frank A. Jelinch, Esq.
Law Office of Frank A. Jelinch
20045 Stevens Creek Blvd., Suite 20
Cupertino, California 95014
Tel.: (408) 366-6300
Fax: (408) 252-3936

[ X ] **BY U.S. MAIL:** United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ] **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the above address.

[ ] **BY OVERNIGHT EXPRESS DELIVERY:** I caused such envelope(s) to be delivered by overnight express delivery to the above address.

[ ] **BY FACSIMILE:** I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on _Jan. 10_, 2008, at San Francisco, California.

Cheryl K. Baltru

H:\IKEA\IKEA - Wright, David (DFEH) (112261)\Lawsuit\Pleadings\Federal Court\Notice of Removal (2).doc

6

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. §§ 1332 and 1441(b); Diversity Jurisdiction];
CERTIFICATE OF INTERESTED PARTIES                                    Case No.

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IKEA AND DOES 1 THROUGH 25, INCLUSIVE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

SEP 2 8 2007

Clerk of the Superior Court
By ___ R. Montgomery
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID W. WRIGHT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
400 COUNTY CENTER, SECOND FLOOR
SAME AS ABOVE
REDWOOD CITY, CA   94063

CASE NUMBER:
*(Número del Caso):* CIV 4 6 6 4 7 6

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRANK A. JELINCH          408-366-6300    408-252-3936
LAW OFFICE OF FRANK A. JELINCH
20045 STEVENS CREEK BOULEVARD, #2G
CUPERTINO, CA   95014

DATE:    SEP 2 8 2007  JOHN C. FITTON    Clerk, by    R. MONTGOMERY    , Deputy
*(Fecha)*                                *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* IKEA U.S. WEST, INC. DOE 1

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* UNKNOWN ENTITY
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1 | FRANK A. JELINCH, ESQ., SBN 42890
LAW OFFICE OF FRANK A. JELINCH
2 | 20045 STEVENS CREEK BLVD., SUITE 2G
CUPERTINO, CA 95014
3 | Tel. (408) 366-6300
Fax (408) 2523936
4 |
Attorneys for Plaintiff
5 |

**ENDORSED FILED**
**SAN MATEO COUNTY**

SEP 2 8 2007

Clerk of the Superior Court
By ___ R. Montgomery
DEPUTY CLERK

6 |
7 |         SUPERIOR COURT OF CALIFORNIA
            COUNTY OF SAN MATEO
8 |
9 | DAVID W. WRIGHT              ) CASE NO.:  **CIV 4 6 6 4 7 6**
                                )
10 |        Plaintiff,           ) COMPLAINT FOR
                                ) MONETARY AND DECLARATORY
11 | vs.                         ) RELIEF FOR EMPLOYMENT
                                ) DISCRIMINATION
12 | IKEA and DOES 1 through 25, inclusive, ) Violation of FEHA (Gov't
                                ) Code §12940 et seq.)
13 |        Defendants.          )
     _____ ) UNLIMITED JURISDICTION
14 |
15 |              **INTRODUCTORY ALLEGATIONS**
16 |     Plaintiff alleges:

17 |     1. This action is brought pursuant to the Disability Discrimination Provisions of California

18 | Government Code §12940 et seq ("FEHA"), to obtain relief for the Plaintiff for alleged

19 | discrimination in employment by Defendant against Plaintiff because of Plaintiff's disability.

20 | Plaintiff alleges that Defendant refused to allow Plaintiff to apply for promotion, and terminated him

21 | because of Plaintiff's physical disabilities, in violation of The FEHA. Plaintiff further alleges that

22 | Defendant IKEA has created a work environment discriminatory against disabled employees and has

23 |

24 | failed to protect its employees against said work environment. By this action, Plaintiff seeks the

25 | following relief pursuant to the FEHA, for the discriminatory treatment of the Plaintiff in violation of

26 | the FEHA: monetary relief, including back pay, front pay, compensatory damages, attorneys' fees

2 |
28 | and costs of suit, and declaratory relief.

2. Plaintiff, David Wright ("Wright"), is a resident of the County of Santa Clara, California. At all relevant times herein mentioned, Plaintiff Wright was a manager with Defendant IKEA.

3. Defendant, IKEA, is a corporation existing under laws of the State of California. The Defendants designated as Does 1 through 25, inclusive, are fictitious defendants and are responsible in some matter for the events described herein.

4. The acts of the Defendant as herein alleged, occurred in San Mateo County.

5. The Plaintiff is "disabled" as defined by the FEHA. The Plaintiff has a record of, or is regarded as, having physical impairments that substantially limit one or more of his major life activities.

6. At all times relevant herein, Defendant has been an employer as defined by the FEHA Government Code §12900, et seq., in that Defendant is engaged in an industry affecting commerce and has had 25 or more employees for each working day in each of 20 or more calendar weeks in the years in question.

7. On or about July 2006, Plaintiff Wright has been repeatedly and intentionally denied benefits and promotional opportunities just because he is disabled. Such denial of benefits and promotional opportunities continued until his termination on February 13, 2007. Those benefits and promotional opportunities which have been denied to Plaintiff Wright due to his disability, include, but are not limited to promotional opportunities to other manager positions. Plaintiff Wright had been placed in a different line of progression from similarly situated non-disabled employees.

8. Plaintiff Wright was not allowed to interview for promotion even though the internal rules of the Defendant allowed Plaintiff Wright to do so. He was told by Defendant that he was not "performing properly." Plaintiff believes this was a pretext for discrimination, in that his back injury at work restricted his movements and ability to lift. Plaintiff was told by the assistant store manager that "everyone does it," referring to stocking shelves and lifting.

9. When Plaintiff Wright sought an accommodation of transfer to another position not

—2—

requiring lifting or violation of his physical restriction, he was barred. When he sought an accommodation of being assigned additional assistance for lifting and stocking shelves, he was denied such an accommodation.

10. Defendant did not engage in any interactive process whereby it sought to evaluate what work Plaintiff could do, given his medical restrictions.

11. Plaintiff, during the times described herein, was designated by Defendant as disabled, which effectively barred him from consideration for promotion because of his disability. This designation became a badge of discrimination.

12. Plaintiff is a "qualified individual with a disability" within the meaning of the FEHA because he can, with reasonable accommodations, perform the essential functions of the job that he sought or seeks in the employ of the Defendant.

13. By virtue of the foregoing, Defendant wrongfully and unlawfully violated the Plaintiff's constitutional and statutory rights by the acts described above, including, but not limited to, his rights under the FEHA.

14. As a direct and proximate result of the acts of the Defendant, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which have caused and continue to cause him great mental, emotional, physical, and nervous pain and suffering, all to the Plaintiffs' damage according to proof.

15. As a further and proximate result of the acts of the Defendant, Plaintiff is informed and believes, and thereon alleges that he has suffered and will suffer in the future, loss of earnings and benefits in an amount not fully ascertained, but which will be shown according to proof.

16. The aforementioned acts of the defendants are willful and with a conscious disregard of the rights of the plaintiff, thereby making defendants liable for punitive damages according to proof.

17. An actual controversy has arisen, and now exists, between Plaintiff and Defendant concerning whether restricting the Plaintiff from promotion and terminating the Plaintiff,

-3--

with resulting loss of employment benefits and privileges, violates the FEHA's prohibitions against disability discrimination.

18.  As an alternative form of relief, Plaintiff desires a judicial determination of his rights, and a declaration as to whether the denial of the Plaintiff's promotional opportunities and promotion deprives him of his rights under the FEHA.

19.  A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights and correct benefits.

20.  Pursuant to the FEHA, Plaintiff has incurred attorney's fees in an amount to be shown at the time of trial, to hire attorneys to advise him of his rights, and to prepare the complaint and prosecute this action, which will be shown according to proof.

21.  On June 20, 2007, Plaintiff Wright filed a discrimination charge against Defendant IKEA with the EEOC and FEHA.  Said charges were timely filed, under the FEHA.

22.  On June 21, 2007, Plaintiff Wright received a notice from the EEOC of his right to bring this action against Defendant IKEA, and Plaintiff timely filed this action within the time period specified in said Right to Sue letter.  A copy of the notice of right of action is attached to this complaint as **"EXHIBIT 1"** and incorporated by this reference as though fully set forth herein.

### *PRAYER*

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For back pay, with prejudgment interest, from the denial of promotion of said Plaintiff described herein;

2.  For front pay and/or future lost earnings, for the period from the date of denial of promotion of said Plaintiff to the time of trial;

3.  For compensatory damages in an amount according to proof;

-4-

4. For general damages in an amount according to proof;

5. As an alternative form of relief, for declaratory relief, including but not limited to an order compelling Defendant to cease and desist from barring disabled employees from promotion in violation of the FEHA.

6. For an order that Defendant IKEA reinstate Plaintiff to his prior position and allow him to apply for promotion;

7. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to California Government Code § 12965(b) and California Civil Code § 52; and

8. For such other and further relief as the court deems proper.

LAW OFFICE OF FRANK A. JELINCH

DATED: September 26, 2007                    BY:_____
                                                  FRANK A. JELINCH

# EXHIBIT 1

**U.S. Equal Employment Opportunity Commission**
**San Jose Local Office**

96 North Third Street
Suite 200
San Jose, CA 95112
(408) 291-7282
TDD: 1-800-669-6820
FAX (408) 291-4539
1-800-669-4000

Respondent: IKEA
EEOC Charge No.: 556-2007-00723
FEPA Charge No.:

June 21, 2007

David Wright
2156 Ebbesen Avenue
San Jose, CA 95124

Dear Mr. Wright:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[X]    Title VII of the Civil Rights Act of 1964 (Title VII)

[X]    The Age Discrimination in Employment Act (ADEA)

[X]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

California Department Of Fair Employment & Housing (San Francisco District Office)
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Arturo A. Ponti
Investigator Support Asst
(408) 291-7371

Office Hours: Monday – Friday, 8:00 a.m. - 4:00 p.m.
www.eeoc.gov

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E200607 A-1025-00-ape  556-2007-00223 |
|---|---|---|
| | EEOC # | 37AA704234 |

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

CALIFORNIA DEPAR**RECEIVED** MPLOYMENT AND HOUSING and EEOC

| COMPLAINANT'S NAME (indicate Mr. or Ms.) | |
|---|---|
| Wright, David (Mr.) | |

**JUN 2 0 2007**

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 2156 Ebbesen Avenue | (408) 377-8632 |

**EEOC-SJLO**

| CITY | | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| San Jose | CA | 95124 | Santa Clara | 085 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | |
|---|---|
| IKEA | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 1700 E. Bayshore | (650) 324-2777 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| E. Palo Alto | CA | 94303 | San Mateo | 081 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE   ☐ SEX   ☑ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☑ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION

☐ COLOR   ☑ AGE   ☐ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics)   ☑ OTHER (SPECIFY) RETALIATE, HOSTILE WRK ENVIR

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 350 | TOOK PLACE (month, day, and year) February 13, 2007 | 57 |

THE PARTICULARS ARE:

I. From 7/06 to 2/07 I was denied reasonable accommodation for my disability. In 7/06 I was denied an opportunity to interview for a promotion to Textile Manager. On 12/12/06 I was denied an opportunity to interview for a promotion to Logs Manager. On 2/13/07 I was terminated from my position as Recovery Manager earning $52,000 per year. I was hired on 5/3/03.

II. In 7/06 Michele Acuna (Manager Services) told me: "You're not being interviewed. Your dept. is not functioning the way it's supposed to," which I dispute. In 12/06 Michelle again told me that I was denied an opportunity to apply for the Logs Manager position for the reason cited above. On 2/13/07 Acune told me that I was terminated because I "was not performing properly."

III. I believe that I was denied reasonable accommodation for my disability (back); that I was denied opportunities to interview for promotional positions based on my age (57 years old; DOB: 11/16/49) and disability (back); and that I was terminated from my position based on my disability and age for the following reasons:

A. In 2/04 I sustained an industrial injury related to my back and filed a Workers Compensation claim. In 3/05 I returned to work with medical restrictions (lifting). My employer had knowledge of my disability.

B. From 7/06 to 2/07 I was denied reasonable accommodation for my disability (alternate position and lifting restrictions).

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #   200607 A-1025-00-ape

EEOC #   37AA704234   556-2007-00723

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms.)
Wright, David (Mr.)

RESPONDENT'S NAME
IKEA

THE PARTICULARS ARE:

C. From 1/06 to 2/07 managers were required to stock shelves. I reminded Michele Acuna of my back restrictions and she told me: "Everybody has to do it."

D. On a weekly basis from 7/06 to 2/07 I told Michele Acuna that I wanted to transfer to another department because of the difficulty of performing some of the physical duties myself due to low staff, and that I had a medical restrictions regarding lifting. She told me: "You choose what you have to do." She also informed me that the company would not be able to provide me with additional staff for my department or transfer other employees to assist in my department.

E. I believe that my employer failed to engage in an interactive process regarding my reasonable accommodation requests (lifting restrictions and transfer to an alternate position).

6/30/07
David W Wright

RECEIVED
JUN 2 0 2007
EEOC-SJLO

2007 MAY -9  PM 3: 49
SAN FRANCISCO
DIST. OFFICE
RECEIVED

Page 2 of 2

Typed and mailed for signature May 3, 2007.

☑ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___5/7/07___                    David W Wright
                                      COMPLAINANT'S SIGNATURE
At ___San Jose  CA___
         City        pl4

DFEH-300-01 (06/97)     SF:BN:ll       DATE FILED:  May 9, 2007
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING              STATE OF CALIFORNIA

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ **H**
1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C**
1320 E. Shaw Avenue, Suite 150
Fresno, CA  93710
(559) 244-4760

☐ **R/S/T**
611 West Sixth Street, Suite 1500
Los Angeles, CA  90017
(213) 439-6799

☐ **M**
1515 Clay Street, Suite 701
Oakland, CA  94612
(510) 622-2941

☐ **E**
2000 "O" Street, Suite 120
Sacramento, CA  95814
(916) 445-5523

☐ **D**
1350 Front Street, Suite 3005
San Diego, CA  92101
(619) 645-2681

☒ **A**
San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**
2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

☐ **K**
2101 East Fourth Street, Suite 255-B
Santa Ana, CA  92705
(714) 558-4266

EEOC Charge No.: 556-2007-00723
Case Name: David Wright vs. IKEA
Date: June 21, 2007

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember:  This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

DFEH-200-02 (05/07)

# NOTICE OF CASE MANAGEMENT CONFERENCE

WRIGHT

**ENDORSED FILED**
**SAN MATEO COUNTY**

SEP 2 8 2007

Clerk of the Superior Court
By     R. Montgomery
~~DEPUTY CLERK~~

vs.

IKEA

Case No. **CIV 4 6 6 4 7 6**

Date: _____ FEB 7 2008 _____

Time: 9:00 a.m.

Dept. 2 — on Tuesday & Friday
Dept. 8 — on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a. **Serve all named defendants and file proofs of service** on those defendants with the court within **60 days** of filing the complaint (CRC 3.110).

   b. **Serve a copy of this notice,** Case Management Statement and ADR Information Sheet on all named parties in this action.

   c. **File and serve a completed Case Management Statement** at least **15 days** before the Case Management Conference [CRC 3.725]. Failure to do so may result in monetary sanctions.

   d. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a. Referring parties to voluntary ADR and setting an ADR completion date;

   b. Dismissing or severing claims or parties;

   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:    Superior Court of California
MAILING ADDRESS:   County of San Mateo
CITY AND ZIP CODE:  400 County Center
BRANCH NAME:       Redwood City, CA  94063-1655

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept.:           Div.:              Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a. ☐  This statement is submitted by party *(name):*
    b. ☐  This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b. ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐  The following parties named in the complaint or cross-complaint
        (1) ☐  have not been served *(specify names and explain why not):*
        (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
        (3) ☐  have had a default entered against them *(specify names):*
    c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in ☐ complaint  ☐ cross-complaint    *(describe, including causes of action):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:
     (1) ☐ Mediation
     (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
     (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
     (4) ☐ Binding judicial arbitration
     (5) ☐ Binding private arbitration
     (6) ☐ Neutral case evaluation
     (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:.

## 14. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
     (1) Name of case:
     (2) Name of court:
     (3) Case number:
     (4) Status:
     ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 15. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ☐ Original signatures for all attorneys (and/or parties in pro per);
- ☐ The name of the neutral;
- ☐ Date of the ADR session; and
- ☐ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at **http://www.co.sanmateo.ca.us.sanmateocourts/adr.htm.**

ADR-CV-1 [Rev. 9/04]

www.sanmateocourt.org

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**. Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number):<br><br>**Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | Court Use Only |
|---|---|
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation               ☐ Binding Arbitration (private)
☐ Neutral Evaluation                ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**   ☐ Summary Jury Trial
☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

_____       _____
Type or print name of ☐Party without attorney        ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant      Attorney or Party without attorney


_____       _____
Type or print name of ☐Party without attorney        ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant      Attorney or Party without attorney


ADR-CV-2 [Rev. 9/04]                    Page 1 of 2                    www.sanmateocourt.org

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____          _____
Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney


_____          _____
Type or print name of ☐Party without attorney          ☐Attorney for (Signature)

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant          Attorney or Party without attorney

**IT IS SO ORDERED:**


DATE:                              _____
                                   JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

**DIVISION II**
**COURT MANAGEMENT - SUPERIOR COURT**

**CHAPTER 1. FORM AND SERVICE OF PAPERS**

Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

    (A)    An order referring the case to arbitration, mediation or other dispute resolution process;

    (B)    An order transferring the case to the limited jurisdiction of the superior court;

    (C)    An order assigning a trial date;

    (D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

    (E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

    (F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

    (G)    An order scheduling the exchange of expert witness information;

    (H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

    (I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

    (A)    Reference CRC, Rule 3.670

    (B)    Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

    (C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

    (A)    A statement of facts.

    (B)    The contentions of each party to the action regarding liability and damages.

    (C)    An itemized list of special damages.

    (D)    In any case in which personal injury is claimed:

        (i)    A description of the nature and extent of any injury claimed, including residuals.

        (ii)    A description of the basis for and method of calculation of any claimed wage loss.

    (E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b).    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)    No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

## CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)     Served on one trial until discharged.

(b)     Been assigned on one day for jury selection until excused by the jury commissioner.

(c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby.   -

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)


Rule 2.7.1  Proposed Jury Instructions

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)


Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

Rule 2.7.3  Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055. Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

Superior Court of California, County of San Mateo

Rule 2.7.6  Refund of Jury Fees: Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5.  GENERAL RULES

Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10  Interpreters and Translators

a)      Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)      Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)      Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6.  CIVIL TRIAL RULES

Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

        Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
                (1)    Any in limine motions and response thereto;
                (2)    Any trial briefs;

Superior Court of California, County of San Mateo

C.   **Application to Designate or Counter-Designate an Action as a Complex Case.**

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)   Management of a large number of separately represented parties;
(2)   Complexity of anticipated factual and/or legal issues;
(3)   Numerous pretrial motions that will be time-consuming to resolve;
(4)   Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)   Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)   Whether or not certification of a putative class action will in fact be pursued; and
(7)   Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.   **Noncomplex Counter-Designation.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.   **Decision by Presiding Judge on Complex Case Designation; Early Status Conference.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

COURTCALL, LLC
*Telephonic Court Appearances*
6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) COMPLETELY fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:**
Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any**).

**IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!**

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

\* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

\* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

\* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

\* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. DO NOT LEAVE THE LINE!

\*If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND A NEW FEE FOR THE CONTINUED DATE.

| ATTORNEY OF RECORD (Name /Address/Phone/Fax): | DO NOT FILE WITH COURT |
|---|---|
| State Bar No._____<br><br>ATTORNEY FOR (Name):<br><br>San Mateo Superior Court | COMPLETELY FILL OUT/CORRECT<br>FORM BEFORE SUBMITTING TO<br>COURTCALL!! |
| | CASE NUMBER:<br><br>JUDGE/DEPARTMENT:<br><br>DATE AND TIME:<br><br>NATURE OF HEARING: |
| REQUEST FOR COURTCALL TELEPHONIC APPEARANCE | |

1.     _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT *I DIAL* INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.

2.     Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3.     The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 **if late filing is accepted**) is paid as follows:

☐     Check (copy faxed-write case # on check) payable to CourtCall. DO NOT MAIL ORIGINAL. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

☐     Charged to CourtCall Debit Account No.:_____

☐     Charged to VISA, MasterCard or American Express:

| TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO CourtCall, LLC: |
|---|
| Credit Card:     O VISA     O MasterCard     O American Express<br><br>Credit Card Number:_____     Expiration Date:_____<br><br>To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.<br><br>Date:_____ Name on Card:<br>                          Type Name                          Signature |

4.     **Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated:_____          _____
                                                                                  Signature

4.25.02                    **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

# EXHIBIT B

1   JACKSON LEWIS LLP
    MITCHELL F. BOOMER (SBN 121441)
2   CARA CHING-SENAHA (SBN 209467)
    199 Fremont Street, 10th Floor
3   San Francisco, California 94105
    Telephone: (415) 394-9400
4   Facsimile: (415) 394-9401

5   Attorneys for Defendant
    IKEA CALIFORNIA, LLC (incorrectly sued as
6   IKEA)

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11   DAVID W. WRIGHT,                    Case No. CIV 466476

12          Plaintiff,                   ANSWER OF DEFENDANT IKEA
                                         CALIFORNIA, LLC TO COMPLAINT
13   v.                                  FOR MONETARY AND
                                         DECLARATORY RELIEF FOR
14   IKEA and DOES 1 through 25, inclusive,   EMPLOYMENT DISCRIMINATION

15          Defendants.
                                         Lawsuit Filed: 9/28/2007
16
                                         No Trial Date Set
17

18

19          COMES NOW Defendant IKEA CALIFORNIA, LLC (incorrectly sued as "IKEA")

20   (hereinafter "Defendant") to answer Plaintiff DAVID W. WRIGHT's (hereinafter "Plaintiff")

21   "Complaint For Monetary and Declaratory Relief for Employment Discrimination [(]Violation of

22   FEHA (Gov't Code § 12940 et seq.)," as follows:

23                               GENERAL DENIAL

24          Pursuant to Code of Civil Procedure section 431.30(b)(1), Defendant denies, generally

25   and specifically, each and every allegation contained in Plaintiff's unverified Complaint.

26   Defendant further denies, generally and specifically, that its acts or omissions were wrongful or

27   unlawful, and that that Plaintiff incurred any injury or damages whatsoever as a result of

28                                          1

ANSWER OF DEFENDANT IKEA CALIFORNIA, LLC TO PLAINTIFF DAVID WRIGHT'S COMPLAINT
Case No. CIV 466476

ENDORSED FILED
SAN MATEO COUNTY

DEC   6 2007

Clerk of the Superior Court
By ___ A. De Leon
        DEPUTY CLERK

BY FAX

1    Defendant's alleged conduct.

## AFFIRMATIVE DEFENSES

3    By way of affirmative defense to the allegations of the Complaint herein, Defendant
4    alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

6    Plaintiff's Complaint, and each cause of action contained therein, fails to state facts
7    sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

9    Defendant is informed and believes, and thereon alleges, that the Complaint is barred in
10   whole or in part under California Labor Code sections 2854 and 2856 in that Plaintiff failed to use
11   ordinary care and diligence in the performance of his duties and failed to comply substantially
12   with the reasonable directions of his employer.

### THIRD AFFIRMATIVE DEFENSE

14   Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part by
15   Plaintiff's own acts and omissions, which constitute estoppel both in law and fact.

### FOURTH AFFIRMATIVE DEFENSE

17   At all times material to Plaintiff's Complaint, Defendant has, and continues to, maintain
18   and enforce a strenuous policy prohibiting and seeking to prevent discrimination in the
19   workplace. Defendant's policies include statements that encourage employees to come forward
20   with complaints of discrimination.    Known violators of Defendant's policies prohibiting
21   discrimination, including supervisory personnel, subject themselves to remedial and disciplinary
22   measures, including termination of employment. On Information and Belief, Plaintiff's refusal
23   and failure to exhaust internal mechanisms prior to bringing the present lawsuit acts as an
24   effective bar to any claims, under the doctrines of unavoidable consequences, estoppel and
25   waiver. Department of Health Services v. Superior Court (aka "McGinnis") (2003) 31 Cal. 4th
26   1026. Hence, Plaintiff's recovery, if any, should be limited because (1) Defendant took
27   reasonable steps to prevent and correct the type of unlawful conduct alleged in Plaintiff's
28   complaint; (2) Plaintiff unreasonably failed to use or declined to meaningfully participate in

2

1     preventive measures made available to him by Defendant; and, (3) reasonable use of Defendant's

2     procedures could have prevented at least some if not all of the harm Plaintiff alleges he

3     experienced.

4                       **FIFTH AFFIRMATIVE DEFENSE**

5         Defendant is informed and believes and thereupon alleges that Plaintiff should be barred

6     from recovering damages, or any such recovery should be reduced, by virtue of Plaintiff's failure

7     to exercise reasonable diligence to mitigate his alleged damages.

8                       **SIXTH AFFIRMATIVE DEFENSE**

9         To the extent Plaintiff claims any acts by Defendant pertaining to his employment or the

10     termination of his employment caused his alleged emotional distress or other injury, the

11     California Workers' Compensation Act provides his exclusive remedy. California Labor Code

12     Sections 3600, <u>et</u> <u>seq</u>.

13                   **SEVENTH AFFIRMATIVE DEFENSE**

14         Plaintiff's Complaint is barred by the doctrine of waiver.

15                     **EIGHTH AFFIRMATIVE DEFENSE**

16         Defendant's actions and/or omissions toward Plaintiff were privileged and/or taken for

17     legitimate business reasons, made without malice and thus, are not actionable as a matter of law.

18                       **NINTH AFFIRMATIVE DEFENSE**

19         Plaintiff's complaint is barred in that Defendant's actions were a just and proper exercise

20     of management discretion, undertaken for a fair and honest reason regulated by good faith under

21     the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

22                       **TENTH AFFIRMATIVE DEFENSE**

23         Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff

24     subsequent to his separation from employment with Defendant. Such income shall include,

25     without limitation, all earned income, state disability payments, social security disability

26     payments, private disability insurance benefits, Medi-Cal and Medicare benefits, and any other

27     monies paid to Plaintiff in compensation for services rendered under any federal, state or local

28     program or from any private insurance company.

1

## ELEVENTH AFFIRMATIVE DEFENSE

2      Plaintiff's recovery is barred in whole or in part to the extent the conduct about which

3    Plaintiff complains was not committed by any agent, with Defendant's permission, or by anyone

4    within the authorized course and scope of his or her employment.  Defendant cannot be held

5    liable for any alleged unlawful discriminatory, retaliatory or harassing conduct by its current

6    and/or former employees because it took affirmative steps to prevent and end any such unlawful

7    discriminatory conduct and in no way ratified or condoned any unlawful conduct alleged by

8    Plaintiff.

9

## TWELFTH AFFIRMATIVE DEFENSE

10      Plaintiff's Complaint is barred or any damages to which Plaintiff is entitled must be offset

11    due to Plaintiff owing money to Defendant, including, but not limited to, money owed to

12    Defendant for losses caused by Plaintiff.

13

## THIRTEENTH AFFIRMATIVE DEFENSE

14      Plaintiff's Complaint does not allege specific nor individual causes of action, which limits

15    Defendant's ability to respond; therefore, Defendant alleges based on Information and Brief that

16    all or part of Plaintiff's Complaint may be barred by the applicable statute of limitations under the

17    California Fair Employment and Housing Act, including California Government Code sections

18    12940, et seq., as applicable.

19

## FOURTEENTH AFFIRMATIVE DEFENSE

20      Plaintiff's Complaint is barred because any accommodation sought by Plaintiff for his

21    alleged disability would cause an undue hardship on Defendant in that such an accommodation

22    would be unduly costly or burdensome or would negatively impact the operation of the business.

23

## PRAYER

24    WHEREFORE, Defendant prays for judgment as follows:

25    1.      That Plaintiff take nothing by his Complaint;

26    2.      That the Complaint be dismissed in its entirety with prejudice;

27    3.      For cost of suit incurred herein, including reasonable attorney's fees; and

28

4

1

2      4.      For such other and further relief as the Court deems just and equitable.

3                                                    RESPECTFULLY SUBMITTED,

4
Dated: December 6, 2007                              JACKSON LEWIS LLP
5

6                                     By: _Cara Ching-S_____

7                                          MITCHELL F. BOOMER
                                           CARA CHING-SENAHA
8                                          Attorneys for Defendant
                                           IKEA CALIFORNIA, LLC (incorrectly sued as
9                                          "IKEA")

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        5

1

## PROOF OF SERVICE

2

3       I hereby declare that I am employed with the law firm of Jackson Lewis LLP whose

4   address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of

5   eighteen (18) years and am not a party to this action.

6       On the date stated below, I served the attached **ANSWER OF DEFENDANT IKEA**

7   **CALIFORNIA, LLC TO COMPLAINT FOR MONETARY AND DECLARATORY**

8   **RELIEF FOR EMPLOYMENT DISCRIMINATION** in this action by placing true and correct

9   copies thereof, enclosed in sealed envelope(s) addressed as follows:

10      **Attorneys for Plaintiff**
        Frank A. Jelinch, Esq.
11      Law Office of Frank A. Jelinch
        20045 Stevens Creek Blvd., Suite 20
12      Cupertino, California 95014
        Tel.: (408) 366-6300
13      Fax: (408) 252-3936

14

15  **[ X ]  BY U.S. MAIL:**  United States Postal Service by placing sealed envelopes with the
    postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary
16  business practices, in the United States mail at San Francisco, California.

17  **[ ]    BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the above
    address.
18

19  **[ ]    BY OVERNIGHT EXPRESS DELIVERY:**  I caused such envelope(s) to be delivered
    by overnight express delivery to the above address.
20

21  **[ ]    BY FACSIMILE:**  I caused such documents to be transmitted by facsimile to the
    telephone number(s) indicated above.

22      I declare under penalty of perjury under the laws of the State of California that the above
23  is true and correct.

24      Executed on Dec. 6      , 2007, at San Francisco, California.

25

26                                              Cheryl K. Baltru

27

28  H:\I\IKEA\IKEA - Wright, David (DFEH) (112261)\Lawsuit\Pleadings\State Court\Answer to Complaint CMC 120307.doc

                                        6

# EXHIBIT C

1    JACKSON LEWIS LLP
     MITCHELL F. BOOMER (SBN 121441)
2    CARA CHING-SENAHA (SBN 209467)
     199 Fremont Street, 10th Floor
3    San Francisco, California  94105
     Telephone:  (415) 394-9400
4    Facsimile:  (415) 394-9401

5    Attorneys for Defendant
     IKEA CALIFORNIA, LLC (incorrectly sued as IKEA)

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN MATEO

10

11    DAVID W. WRIGHT,             Case No. CIV 466476

12            Plaintiff,          **DEFENDANT IKEA CALIFORNIA,**
                                    **LLC'S REQUEST FOR STATEMENT**
13       v.                      **OF ALLEGED DAMAGES**

14    IKEA and DOES 1 through 25, inclusive,

15    Defendants.

16

17

18    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

19        Pursuant to Code of Civil Procedure Section 425.11, Defendant IKEA CALIFORNIA,

20    LLC through its attorneys of record, hereby requests that Plaintiff DAVID W. WRIGHT furnish a

21    statement of damages setting forth the nature and amount of damages being sought in this action,

22    within 20 days hereof and in the manner required by law

23    Date:  December 7, 2007             JACKSON LEWIS LLP

24

25                      By: _____

26                          Mitchell F. Boomer

27                      Attorneys for Defendant
                         IKEA CALIFORNIA, LLC

28



1

---

REQUEST FOR STATEMENT OF DAMAGES                    Case No. CIV 466476

## PROOF OF SERVICE

I hereby declare that I am employed with the law firm of Jackson Lewis LLP whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On the date stated below, I served the attached **DEFENDANT IKEA CALIFORNIA, LLC'S REQUEST FOR STATEMENT OF ALLEGED DAMAGES** in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

**Attorneys for Plaintiff**
Frank A. Jelinch, Esq.
Law Office of Frank A. Jelinch
20045 Stevens Creek Blvd., Suite 20
Cupertino, California 95014
Tel.: (408) 366-6300
Fax: (408) 252-3936

[ X ]  **BY U.S. MAIL:**  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[  ]      **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the above address.

[  ]      **BY OVERNIGHT EXPRESS DELIVERY:**  I caused such envelope(s) to be delivered by overnight express delivery to the above address.

[  ]      **BY FACSIMILE:**  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 7, 2007, at San Francisco, California.

Cheryl K. Baltru

H:\I\IKEA\David Wright\Discovery\Req for Stmt of Damages.doc

2

**Baltru, Cheryl (S.F.)**

| | |
|---|---|
| **From:** | Ching-Senaha, Cara (S.F.) |
| **Sent:** | Thursday, January 10, 2008 8:55 AM |
| **To:** | Baltru, Cheryl (S.F.) |
| **Subject:** | IKEA/Wright - removal exhibits |
| **Attachments:** | complaint.pdf; File-stamped Answer of Defendant IKEA.pdf; P Resp to Req for Stmt of Damages.pdf; Req for Stmt Damages.pdf |

Hi Cheryl,

I believe these are all of the exhibits to the **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT [28 U.S.C. §§ 1332 and 1441(b); Diversity Jurisdiction]; CERTIFICATE OF INTERESTED PARTIES**. Nevertheless, please double-check the San Mateo Superior Court website to be sure that no other pleadings or documents were filed with the court, before we finalize, file and serve today the removal in Wright/IKEA.

Thanks,

## Cara Ching-Senaha
**Jackson Lewis LLP**
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Phone: (415) 394-9400
Fax: (415) 394-9401
*Representing management exclusively in workplace law and related litigation.*

**Confidentiality Note:** This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT D

1  FRANK A. JELINCH, ESQ., SBN 42890
   LAW OFFICE OF FRANK A. JELINCH
2  20045 STEVENS CREEK BLVD., SUITE 2G
   CUPERTINO, CA  95014
3  Tel. (408) 366-6300
   Fax (408) 2523936
4
   Attorneys for Plaintiff
5

6
                   SUPERIOR COURT OF CALIFORNIA
7                    COUNTY OF SAN MATEO

8

9  DAVID W. WRIGHT                    )   CASE NO.:  CIV 466476
                                      )
10          Plaintiff,                )   PLAINTIFF'S RESPONSE TO
                                      )   REQUEST FOR
11 vs.                                )   STATEMENT OF DAMAGES
                                      )
12 IKEA and DOES 1 through 25, inclusive, )
                                      )
13          Defendants.               )
   _____)
14

15         The Plaintiff, DAVID W. WRIGHT, pursuant to Code of Civil Procedure Section 425.11

16 claims:

17         1.      Compensatory damages:  $53,000 per annum from date of termination, plus loss of

18 benefits of $18,000 per annum from date of termination, and continuing until comparable

19 employment is initiated.

20         2.      General damages:      $250,000

21
           3.      Punitive damages:     $250,000
22

23                                      LAW OFFICE OF FRANK A. JELINCH

24
   DATED:  December 17, 2007            BY:
25
                                            FRANK A. JELINCH
26

2
28
                                      —1—

**PROOF OF SERVICE**
**DAVID W. WRIGHT VS. IKEA and DOES 1-25**
**Case No.: CIV 466476**

I am employed in the County of Santa Clara. I am over the age of 18 years and not a party to the within action. My business address is 20045 Stevens Creek Boulevard, Suite 2G, Cupertino, CA 95014. On December 17, 2007, I served a copy of :

**PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

to the interested party in this action by placing a true copy thereof., enclosed in a sealed envelope, addressed as follows:

JACKSON LEWIS LLP
MITCHELL F. BOOMER
CARA CHING-SENAHA
199 Fremont Street, 10th Floor
San Francisco, CA 94105

| | | |
|---|---|---|
| ☐ | (By Facsimile) | I caused such document to be transmitted electronically to the interested parties at the facsimile numbers as stated. |
| ☐ | (By Federal Express) | I caused such envelope to be transmitted via Federal Express to the interested parties. |
| ☒ | (By Regular Mail) | I caused such envelope with postage thereof fully paid to be placed in the United States mail at Cupertino, California. |
| ☒ | (State) | I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. |
| ☐ | (Federal) | I declare that I am employed by an attorney admitted to practice before this United States District Court. |

Executed on December 17, 2007        _Roberta Jelinch_
                                    Roberta Jelinch