1  LAW OFFICE OF FRANK A. JELINCH
   Frank A. Jelinch, Esq. (SBN 42890)
2  20045 Stevens Creek Blvd., Suite 20
   Cupertino, California 95014
3  Tel.: (408) 366-6300
   Fax: (408) 252-3936
4   Attorneys for Plaintiff
    DAVID W. WRIGHT
5

6  JACKSON LEWIS LLP
   MITCHELL F. BOOMER (SBN 121441)
7  CARA CHING-SENAHA (SBN 209467)
   199 Fremont Street, 10th Floor
8  San Francisco, California  94105
   Telephone:  (415) 394-9400
9  Facsimile:  (415) 394-9401
    Attorneys for Defendant
10  IKEA CALIFORNIA, LLC (incorrectly sued as
    IKEA)
11

12

13                 UNITED STATES DISTRICT COURT

14        NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

15

16  DAVID W. WRIGHT,                  Case No. CV 08 00181 RS

17              Plaintiff,

18      v.                            **JOINT FED.R.CIV.PROC. 26(f)
                                      REPORT**
19  IKEA and DOES 1 through 25, inclusive,
                                      [Order Setting Initial Case Management
20          Defendants.               Conference, dated 1/10/2008]

21
                                      Initial Case Management
22                                    Conference
                                      Date:  April 30, 2008
23                                    Time: 2:30 p.m.
                                      Location: Courtroom 4, 5th Floor,
24                                        San Jose Division, U.S.D.C. – Northern
                                          District
25

26

27

28

1

COME NOW Plaintiff DAVID W. WRIGHT, through his attorneys, Frank Jelinch of the Law Office of Frank A. Jelinch, and Defendant IKEA CALIFORNIA, LLC (erroneously sued as "IKEA"), through its attorneys, Mitchell F. Boomer and Cara Ching-Senaha of Jackson Lewis LLP (collectively, the "Parties"), and hereby submit the enclosed discovery plan pursuant to Fed.R.Civ.Proc. 26(f) and the Court's January 10, 2008 Order, as follows:

1. On Tuesday, April 8, 2008, attorneys Frank A. Jelinch and Cara Ching-Senaha participated in a conference of the parties, pursuant to Fed.R.Civ.Proc. 26(f).

2. Through their counsel, the Parties have agreed to participate in an early settlement conference (ESC) before a Magistrate Judge. A teleconference with the Court's ADR office has been scheduled for April 28, 2008 at 2:00 p.m.

3. To date, no discovery has been taken.

4. The Parties have agreed that, aside from the parties' initial disclosures, no discovery (written or deposition) shall be conducted prior to the ESC.

5. The Parties have agreed to simultaneously exchange their initial disclosures by mail on Wednesday, April 23, 2008.

6. If this matter does not resolve at or before the ESC, the Parties anticipate no change to the discovery limits stated within the Federal Rules of Civil Procedure. However, without commencing Plaintiff's deposition and without having received Plaintiff's initial disclosures, Defendant IKEA reserves the right to petition the Court to enlarge the limits stated within the Federal Rules of Civil Procedure, should such a need arise at a later time.

7. The Parties anticipate that if this matter does not resolve at or before the ESC, discovery on Plaintiff's claims and Defendant's defenses would be necessary, including through written discovery propounded by the parties and deposition discovery taken of the parties and percipient witnesses. In addition, Defendant anticipates it will require two full days to take Plaintiff's deposition, based on the nature of this case.

8. Defendant anticipates the Parties will conduct discovery on Plaintiff's allegations and

2

1   alleged damages and Defendant's affirmative defenses.

2   9. Defendant does not request any special orders from the Court under Fed.R.Civ.Proc.

3   26(c), 16(b) or 16(c) at this time, except as follows: (1) that the Court memorialize the

4   Parties' agreement that no discovery shall be conducted or propounded prior to the

5   ESC; (2) that if the case does not resolve at the ESC, that the Court permit Defendant

6   to have two full days to take Plaintiff's deposition; and (3) that the Court issue a

7   protective order as follows:

8       a. Defendant anticipates that certain financial, proprietary and/or trade secret

9          information may be exchanged or requested during the course of this case.

10         Defendant IKEA requests that the Court issue a protective order, to wit:  In the

11         event this matter does not resolve at the ESC and discovery commences, the

12         Parties shall not release to non-parties, nor shall they use outside of this

13         litigation,     such     financial,     proprietary     and/or     trade     secret

14         information/documentation.

15  10. The Parties request that the Court schedule a further case management conference to

16      be held after the ESC, assuming the ESC is not successful, rather than issue at this

17      time an order that prematurely sets a deadline for completion of discovery.

18  Dated: April 22, 2008                              _____/s/_____
                                                       FRANK A. JELINCH
19                                                     LAW OFFICE OF FRANK A. JELINCH
                                                       Attorneys for Plaintiff
20                                                     David W. Wright

21

22                                                     Respectfully Submitted,

23                                                     JACKSON LEWIS LLP

24

25  Dated:  April 22, 2008                             _____/s/_____
                                                       MITCHELL F. BOOMER
                                                       CARA CHING-SENAHA
26                                                     Attorneys   for   IKEA   CALIFORNIA,   LLC
                                                       (erroneously sued as "IKEA")
27

28

3