1  LAW OFFICE OF FRANK A. JELINCH
   Frank A. Jelinch, Esq. (SBN 42890)
2  20045 Stevens Creek Blvd., Suite 20
   Cupertino, California 95014
3  Tel.: (408) 366-6300
   Fax: (408) 252-3936
4   Attorneys for Plaintiff
    DAVID W. WRIGHT
5

6  JACKSON LEWIS LLP
   MITCHELL F. BOOMER (SBN 121441)
7  CARA CHING-SENAHA (SBN 209467)
   199 Fremont Street, 10th Floor
8  San Francisco, California 94105
   Telephone: (415) 394-9400
9  Facsimile: (415) 394-9401
    Attorneys for Defendant
10  IKEA CALIFORNIA, LLC (incorrectly sued as
    IKEA)
11

12

13              UNITED STATES DISTRICT COURT

14       NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

15

| 16 | DAVID W. WRIGHT, | Case No. CV 08 00181 RS |
|----|---|---|
| 17 | Plaintiff, | |
| 18 | v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT, LOCAL RULE 16.9(a)** |
| 19 | IKEA and DOES 1 through 25, inclusive, | |
| 20 | Defendants. | [Order Setting Initial Case Management Conference, dated 1/10/2008] |
| 21 | | |
| 22 | | Initial Case Management Conference |
| 23 | | Date: April 30, 2008 |
| 24 | | Time: 2:30 p.m. Location: Courtroom 4, 5th Floor, San Jose Division, U.S.D.C. – Northern |
| 25 | | District, 280 South First Street, San Jose |
| 26 | | |
| 27 | | |
| 28 | | |

1

JOINT CASE MANAGEMENT CONFERENCE STMT.                    Case No. CV 08-00181 RS

COME NOW Plaintiff DAVID W. WRIGHT, through his attorneys, Frank Jelinch of the Law Office of Frank A. Jelinch, and Defendant IKEA CALIFORNIA, LLC (hereinafter "IKEA"), through its attorneys, Mitchell F. Boomer and Cara Ching-Senaha of Jackson Lewis LLP (collectively, the "Parties"), and hereby submit the enclosed joint Case Management Conference Statement, pursuant to the Court's January 10, 2008 Order, Local Rule 16.9(a) and the U.S.D.C., Northern District of California's Standing Order regarding the Contents of Joint Case Management Statement, as follows:

## I. JURISDICTION AND SERVICE

Plaintiff's Statement

Subject matter jurisdiction over this action is diversity

Jurisdiction (28 U.S.C. §1332 + 1441(b)

All Parties have been served

Defendant's Statement

This case was initially filed in the Superior Court of California, County of San Mateo on September 28, 2007. Defendant IKEA was served with a copy of the Complaint on November 9, 2007. IKEA timely filed its answer in response to Plaintiff's complaint. Thereafter, IKEA timely removed this case to federal court after Plaintiff stated the amount in controversy exceeds $75,000.00.

IKEA agrees that jurisdiction in federal court is proper pursuant to 28 U.S.C. section 1332 (diversity of citizenship).

## II. FACTS

Plaintiff's Statement

This case arises out of denial by the Defendant employer of promotional opportunities to the Plaintiff on account of his physical disability from July 2006 until his termination on February 13, 2007. The Defendant denies these allegations.

Defendant's Statement

IKEA, a retail furniture store, operates two store locations in the Bay Area. The East Palo Alto store where Plaintiff worked until his discharge is located in East Palo Alto.

IKEA denies the allegations in Plaintiff's Complaint. In brief, IKEA denies that: (1) Plaintiff is or ever was disabled; (2) Plaintiff was denied promotional opportunities afforded to other employees because of an alleged disability; (3) Plaintiff requested a reasonable accommodation for his alleged disability; (4) it was required to engage in an interactive dialogue with Plaintiff; (5) Plaintiff's unsatisfactory job performance was caused by his alleged disability; and (6) it terminated Plaintiff's employment based on his alleged disability.

Plaintiff was employed as the East Palo Alto Store's Recovery Manager from early May 2003 until on or about February 13, 2007. IKEA terminated Plaintiff, an at-will employee, in February 2007 for ongoing job performance deficiencies dDespite numerous attempts to improve Plaintiff's performance (e.g., through repeated verbal and written counselings, warnings, establishment of specific and achievable goals that he failed to achieve, etc.). Plaintiff alleges he applied for one or more promotions, but these promotion applications were to departments in which Plaintiff had no experience. Moreover, Defendant's promotion policy expressly stated that an employee seeking promotion must be in good standing and must have received at least a "Satisfactory" performance evaluation or better at the time his or her application for promotion is considered. It is undisputed that Plaintiff received multiple warnings about his substandard performance, had not received a "Satisfactory" evaluation for some time, and lacked the minimum requisite experience for any promotion for which he allegedly applied.

IKEA contends that its actions were at all times justified and lawful. Defendant denies it acted wrongly or unlawfully in any way and further denies any and all claims for damages. IKEA terminated Plaintiff's employment for lawful, non-discriminatory business reasons, namely his failure to perform his job satisfactorily.

### III. LEGAL ISSUES

Plaintiff's Statement of Legal Issues Disputed By the Parties

This case is brought under the FEHA (Gov't Code Section 12940 et seq.)

**The Accommodation**

The Issues are:

1. Is the Plaintiff as "qualified individual with a disability" within the meaning of the

FEHA?

2. Did the Plaintiff seek a reasonable accommodation for his ability?

3. Did Defendant engage in the interactive process to evaluate what work Plaintiff could do, given his medical restrictions?

4. Did the Defendant fail to provide a reasonable accommodation?

5. Was Plaintiff harmed?

6. Was the Defendant's failure to provide a reasonable accommodation a substantial factor in causing Plaintiff's harm?

**The Promotion Issues are:**

1. Did the Plaintiff attempt to apply for promotions?

2. Did the Defendant know of Plaintiff's physical condition that limited a major life activity of working?

3. Was the Plaintiff able to perform the essential job duties of the positions to which he sought promotion with a reasonable accommodation for his condition?

4. Did the Defendant refuse to allow him to apply for the positions?

5. Was Plaintiff's condition a motivating reason for the refusal to promote?

6. Was Plaintiff harmed?

7. Was Defendant's conduct a substantial factor in causing Plaintiff's harm?

Defendant's Statement of Legal Issues Disputed By the Parties

- Whether Plaintiff can establish a *prima facie* case of disability discrimination under the California Fair Employment and Housing Act ("FEHA");

- Assuming <u>arguendo</u> that Plaintiff can establish a *prima facie* case of disability discrimination, whether Defendant can articulate a legitimate, non-discriminatory reason for non-selection based on Plaintiff's alleged applications for promotion;

- Whether Plaintiff has sufficient evidence to show Defendant's legitimate reason for his non-selection was a pretext for discrimination under the FEHA;

- Whether Plaintiff has failed to exhaust administrative prerequisites for his claim of relief;

- Assuming *arguendo* that Plaintiff can establish a *prima facie* case of disability discrimination, whether Defendant can articulate a legitimate, non-discriminatory reason for Plaintiff's discharge;

- Whether Plaintiff has sufficient evidence to show Defendant's legitimate reason for his discharge was a pretext for discrimination under the FEHA;

- What, if any, reasonable accommodations Defendant should have made under California Fair Employment and Housing Act;

- Causation of Plaintiff's alleged damages;

- The amount of Plaintiff's damages, if any;

- Assuming liability for disability discrimination, whether punitive damages should be assessed against Defendant; and

- Whether Defendant has sufficient facts to support its affirmative defenses.

## IV. MOTIONS

Plaintiff's Position

There are no pending motions. Dispositive motions, if any, can be scheduled after discovery is completed.

Defendant's Position

There are no motions pending before the Court.

Defendant anticipates bringing a motion for summary judgment or partial summary judgment, should this case fail to resolve at the early settlement conference ("ESC").

## V. AMENDMENT OF PLEADINGS

Plaintiff's Position

None

Defendant's Position

IKEA does not anticipate any amendment of the pleadings at this time.

## VI. EVIDENCE PRESERVATION

Plaintiff's Statement

    No anticipated issues

Defendant's Statement

    IKEA has within its possession hard copies of what it believes are relevant documents.

## VII. DISCLOSURES

Plaintiff's Statement

    There will be timely initial disclosures under F.R.C.P.26

Defendant's Statement

    The Parties are scheduled to simultaneously exchange by mail their Initial Disclosures on Wednesday, April 23, 2008.

## VIII. DISCOVERY

Plaintiff's Statement

    Written discovery requests followed by depositions of parties and witnesses.

Defendant's Statement

    The Parties have concurrently filed a Joint Rule 26(f) Plan for Discovery, as ordered by the Court. No discovery has been taken. The Parties have agreed that, aside from their initial disclosures (to be exchanged on April 23rd), no discovery shall be conducted by any party prior to the ESC (see below).

    In the event that this case does not resolve at or before the ESC, Defendant intends to propound standard discovery, including interrogatories, requests for documents, etc., and take Plaintiff's deposition. As discovery has not begun, the number of necessary depositions is unknown. Therefore, while Defendant reserves the right to seek relief from the Court for discovery beyond the usual limits set forth in Fed.R.Civ.Proc., Defendant requests up to two full days to complete Plaintiff's deposition due to the nature of this case.

## IX. CLASS ACTIONS

    None.

## X. RELATED CASES

None.

## XI. RELIEF

Plaintiff's Statement of Relief Sought

Compensatory and punitive damages are requested. Plaintiff has been unemployed since his termination. His benefit loss exceeds $53,000 per year.

Defendant's Statement

Defendant contends that its actions were at all times justified and lawful. Defendant denies it has acted wrongly or unlawfully in any way and further denies any and all claims for damages.

## XII. SETTLEMENT AND ADR

Plaintiff's Statement

The parties have agreed on an early settlement conference prior to commencing discovery.

Defendant's Statement

The Parties have met and conferred about ADR. The Parties have agreed to participate in an early settlement conference (ESC) before a magistrate judge. The Parties have further agreed that all discovery shall be suspended until after an ESC is held.

An ADR teleconference is scheduled for April 28, 2008.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff's Position

Agreed.

Defendant's Position

IKEA does not consent to a magistrate judge for all purposes.

## XIX. OTHER REFERENCES

This case is not suitable for non-binding arbitration, a special master nor the Judicial Panel on Multidistrict Litigation.

XX. **NARROWING OF ISSUES**

None at this time.

XIX. **EXPEDITED SCHEDULE**

Inapplicable.

XXI. **SCHEDULING AND TRIAL**

Plaintiff's Statement

Defendant's Statement

The Parties have agreed to suspend all written and deposition discovery until after the ESC is held. The Parties request the Court schedule a further case management conference after the ESC, at which time the Parties and this Court will be in a better position to evaluate case readiness for trial and trial scheduling.

Defendant submits that a realistic trial date is April 2009 or sometime thereafter, so that the Parties have sufficient time to conduct discovery, file dispositive motion(s), etc. following the ESC, assuming an ESC can be held within the next 60 days.

Defendant estimates that the expected length of trial would be 5 to 7 court trial days.

XXII. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff's Statement

None.

Defendant's Statement

IKEA filed with its NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT its "CERTIFICATE OF INTERESTED PARTIES," as required by L.R. 3-16.

In addition, IKEA restates:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

IKEA CALIFORNIA, LLC states that it is a privately-held company.

### XXIII. OTHER MATTERS

None at this time.

Dated: June 26, 2008

          /s/
FRANK A. JELINCH
LAW OFFICE OF FRANK A. JELINCH
Attorneys for Plaintiff
David W. Wright

Respectfully Submitted,

JACKSON LEWIS LLP

Dated:  June 26, 2008

          /s/
MITCHELL F. BOOMER
CARA CHING-SENAHA
Attorneys for IKEA CALIFORNIA, LLC (erroneously sued as "IKEA")

H:\I\IKEA\IKEA - Wright, David (DFEH) (112261)\Lawsuit\Pleadings\Federal Court\Jt Case Mgmt Conf Stmt - FINAL 6 26 08 version.doc